**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KARON R. ROBINSON, an individual,                     )
                                                      )
                            Plaintiff,                )
                                                      )
vs.                                                   )        Case No. 05-CV-727-GKF-FHM
                                                      )
CAVALRY PORTFOLIO SERVICES, LLC, a                    )
foreign limited liability co.,                        )
                                                      )
                            Defendant.                )

## OPINION AND ORDER

Before the court are the remaining portions of the Rule 50(a) motion for judgment as a matter

of law and the Motion for Directed Verdict, both made at trial by defendant Cavalry Portfolio

Services, LLC ("Cavalry").

Before submitting the case to the jury, the court ruled on two (2) aspects of Cavalry's

motions but reserved ruling on the remainder.[1]  Specifically, the court granted Cavalry's motions

with respect to: (1)  plaintiff's claim of constructive discharge, as this court concluded that a

reasonable jury would not have a legally sufficient evidentiary basis to find that the plaintiff "had

no other choice but to quit," *see Baca v. Sclar,* 398 F.3d 1210, 1217 (10th Cir. 2005); and (2)

plaintiff's claim for punitive damages, as this court concluded that a reasonable jury would not have

a legally sufficient evidentiary basis to find that Cavalry acted with malice or with reckless

indifference to the plaintiff's federally protected rights.

Cavalry first contends that, based upon the evidence adduced at trial, a reasonable jury would

not have a legally sufficient evidentiary basis to find for plaintiff Karon R. Robinson ("Robinson")

---

[1]If a trial court does not grant a Rule 50(a) motion for judgment as a matter of law prior to verdict, the court is
deemed to have submitted the action to the jury subject to later determination of the legal questions raised by the
motion.  9 Moore's Federal Practice, § 50.33.

on her claims of disparate treatment, hostile work environment, and retaliation.  With respect, the court disagrees, and finds that the record provides a legally sufficient evidentiary basis for a reasonable jury to find for Robinson on the three claims.

Cavalry raised a specific argument with regard to the claim of retaliation which the court believes ought to be addressed herein.  Cavalry's counsel contended that the record does not provide an evidentiary basis for the necessary element that Robinson made a complaint to her supervisors about racially offensive comments made by co-worker Mark Torres.  Cavalry's counsel contends that the record reflects that an employee other than Robinson advised Robinson's manager, Rhonda Bemore, who in turn reported the incident to Mr. Mike Madewell, who in turn approached Robinson and obtained a written statement.  Robinson, who represented herself *pro se* in these proceedings, argues that she asked another employee to report the incident because Robinson's desk was situated next to the desk of Mr. Torres' wife, and Robinson did not want the wife to know that Robinson lodged the complaint.  It is unlikely that the trial record will provide evidentiary support for Robinson's view of the facts, as Robinson and the person Robinson allegedly asked to report the incident did not take the stand.  At trial, Robinson merely made the statements of alleged fact from the podium as counsel *pro se.*   Be that as it may, the court concludes that the factual dispute is irrelevant to the issue, as there is evidentiary support for a jury to find that Robinson "complained to her supervisors about racially offensive comments made by a co-worker, Mark Torres."  *See* Defendant's Exhibit 12.  This court believes it unnecessary for the trial record to reflect that Robinson initiated the report of the racially offensive comments.  It is enough that the record supports the fact that she did in fact complain.

2

Cavalry also sought judgment as a matter of law on its affirmative defense of after-acquired evidence.  After Robinson resigned from Cavalry, Cavalry discovered that Robinson had taken some seventy-five (75) print screens containing confidential information regarding debtors, a violation of company policy and the Confidentiality Agreement Robinson signed.  Cavalry contends that, had it known while Robinson was still an employee that she had violated the Confidentiality Agreement, it would have terminated her employment.  Cavalry further contended that, if it proved Robinson's wrongdoing, any award of back pay would be calculated only from the date of Robinson's resignation to the date Robinson's wrongdoing was discovered.  The court concludes that the motions are moot with respect to the affirmative defense, as the court granted the Rule 50 (a) motion on Robinson's claim of constructive discharge.

Finally, the court finds that there is a sufficient evidentiary basis to support plaintiff's claim of damages.

WHEREFORE, defendant's Rule 50(a) motion for judgment as a matter of law and defendant's motion for directed verdict are denied.

IT IS SO ORDERED this 25th day of April 2007.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma