**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KARON R. ROBINSON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-727-GKF-FHM |
| ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, a ) | |
| foreign limited liability co., ) | |
| ) | |
| Defendant. ) | |

**O P I N I O N   A N D   O R D E R**

Before the Court is plaintiff Karon R. Robinson's "Motion to Reconsider/Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) to Order Regarding Future Damages." [Docket No. 172].

Plaintiff Karon R. Robinson ("Robinson") previously filed a "Post-Trial Motion and Brief for Issues of Future Damages," requesting front pay damages following the jury verdict in this action. [Docket No. 133]. The Court denied the motion during a hearing on post-trial motions on the 27th day of June 2007, as reflected in the minute entered June 28, 2007. [Docket No. 169].

The motion before the Court is yet another request by Robinson that the Court reconsider its decision regarding front pay damages. The Court has reviewed the briefs of the parties and considered the arguments presented by the parties. Based on applicable Tenth Circuit authority, the Court concludes the motion must be denied. *Mallinson-Mantague v. Pocrnick*, 224 F.3d 1224, 1237 (10th Cir. 2000) ("[I]t is clear that Plaintiffs' claim for back and front pay is controlled by § 2000e-5(g). In *Derr* this court explicitly held that the equitable remedy of back pay is only available under § 2000e-5(g) when the plaintiff has demonstrated that she was constructively discharged. Because the jury rejected the Plaintiffs' claims that they were constructively discharged, the district court did not err in concluding that they were not entitled to back or front pay."); *Derr v. Gulf Oil Corp.*, 796

F.2d 340 (10th Cir. 1986) ("We agree with Gulf that the remedies of back pay and reinstatement are not available to Ms. Derr unless she was constructively discharged.").

Defendant asks for costs related to responding to the motion.  Defendant's request for costs is granted.  Robinson's motion raises no new evidence and alerts the Court to no manifest errors of law.  The Court recognizes and considers Robinson's *pro se* status.  However, Robinson may not repeatedly reassert the same issues without consequence.  Defendant shall file a bill of costs associated with responding to Robinson's motion within fifteen (15) days of the entry of this Opinion and Order.

WHEREFORE, Robinson's "Motion to Reconsider/Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) to Order Regarding Future Damages" [Docket No. 172] is denied.

IT IS SO ORDERED this 15th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma